12-2677
*United States of America v. Richard Lee*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand fourteen.

PRESENT:  RICHARD C. WESLEY,
          SUSAN L. CARNEY,
                              *Circuit Judges*,
          RICHARD K. EATON,*
                              *Judge*.

---

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee*,

      v.                           12-2677-cr

RICHARD LEE,
      *Defendant-Appellant*.

---

* The Honorable Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

| FOR DEFENDANT-APPELLANT: | MICHAEL J. STACHOWSKI, Michael J. Stachowski, P.C., Buffalo, NY. |
|---|---|
| FOR THE UNITED STATES: | MONICA RICHARDS, Assistant United States Attorney, (Stephan J. Baczynski, Assistant United States Attorney, o*n the brief*), *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY. |

Appeal from the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED.**

Defendant Richard Lee appeals from the judgment entered in the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*). Following a jury trial, Lee was found guilty of attempting to smuggle an automobile into the United States without an invoice. 18 U.S.C. § 545. Lee seeks reversal of his conviction, and argues principally that the evidence at trial was insufficient to sustain his conviction. We assume the parties' familiarity with the underlying facts and the issues for review, which we reference only as necessary to explain our decision to affirm.[1]

---

[1] We review *de novo* a sufficiency of the evidence challenge. *United States v. Naiman*, 211 F.3d 40, 46 (2d Cir. 2000).

On review after conviction by a jury, this Court considers the evidence presented at trial in the light most favorable to the government, and also credits every inference the jury may have drawn in favor of the government. *United States v. Naiman*, 211 F.3d 40, 46 (2d Cir. 2000). We will not disturb Lee's conviction if any rational trier of fact could have found the elements of 18 U.S.C. § 545 proven beyond a reasonable doubt. *See id*.

To prove a violation of 18 U.S.C. § 545, the government was required to show that Lee "knowingly and willfully, with intent to defraud the United States, smuggle[d] . . . or attempt[ed] to smuggle . . . into the United States any merchandise which should have been invoiced." Lee argues there was insufficient evidence to prove that he had the requisite intent to "knowingly and willfully" defraud the United States.

The evidence was sufficient to support Lee's conviction. Lee testified that he was aware of, and had personally researched, how to properly import and export vehicles between the United States and Canada. He also testified that he did "basically everything" for his father's used car dealership, which exports cars to Canada. Appendix at 385. The jury further heard evidence that Lee regularly transported cars between the United States and Canada on behalf of the business.

3

This was ample evidence from which the jury could have concluded that the scienter element was satisfied beyond a reasonable doubt.

Notably, less than three months prior to his arrest, Lee had been detained by the United States Customs and Border Protection at the same port of entry, and his vehicle was denied entry based on the same importation violations. On the first occasion, he was returned to Canada after being notified of the documentation requirements necessary to import a vehicle into the United States.

Lee further argues that the jury's acquittal of his filing false statements charge is inconsistent with his smuggling conviction. There is no inconsistency here—filing a false statement under 18 U.S.C. § 1001 is not an element required to prove an 18 U.S.C. § 545 offense. *See United States v. O'Connor*, 650 F.3d 839, 856 (2d Cir. 2011).

Similarly, Lee's remaining argument—that the government failed to prove the vehicle had any commercial value in the United States—has no connection to a suggestion of innocence. Lee would have this Court conclude that a vehicle lacking proper documentation has no commercial value. Surely, a car has commercial value, even if its value must be realized through illicit markets.

For the reasons stated above, the judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk